IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 00-50148
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JAVIER LUJAN-GARCIA,

Defendant-Appellant.

- - - - - - - - - -
Appeal from the United States District Court
for the Western District of Texas
USDC No. EP-99-CR-801-ALL-H
- - - - - - - - - -
December 27, 2000

Before EMILIO M. GARZA, STEWART, and PARKER, Circuit Judges.

PER CURIAM:[*]

Javier Lujan-Garcia ("Lujan") appeals his convictions for importation of a quantity of marijuana (in violation of 21 U.S.C. §§ 952 and 960) and possession of marijuana with intent to distribute (in violation of 21 U.S.C. § 841(a)(1)).

Lujan contends that the evidence was insufficient to support the knowledge element of his convictions, in that the marijuana was concealed in a hidden compartment of the Ford Bronco he was driving. The evidence was not insufficient to support Lujan's

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

convictions for conspiracy and possession.  See United States v. El-Zoubi, 993 F.2d 442, 445 (5th Cir. 1993); United States v. Cano-Guel, 167 F.3d 900, 904 (5th Cir. 1999).  Lujan, who had recently been acting as a confidential informant ("CI") for the DEA, testified that a leader of the Acosta marijuana-smuggling organization, Sergio Acosta, had asked him to drive the Bronco across the Rio Grande to Juarez, Mexico.  The Bronco was allegedly parked on a Juarez street for several hours while Acosta drove away in a second vehicle; the alleged purpose of the trip was to determine, later that evening, whether the Bronco could easily pass through U.S. Immigration inspections.  Lujan, who admittedly had previously picked up drug payments for the Acosta organization, testified that he did not know that marijuana had been secreted in the Bronco during this period of several hours.  The jury was entitled to discredit Lujan's account of this trip.  See United States v. Jones, 185 F.3d 459, 464 (5th Cir. 1999) (constructive possession of drugs may be shown by control of vehicle in which drugs are concealed).  The trial testimony authorized the jury to find that Lujan's story was implausible, that he had initially withheld his status as a CI from the Immigration inspector, and that he had disobeyed the DEA task- force agents with whom he had been working when he drove the Bronco into Mexico.  That Lujan and Acosta attempted to proceed through the port of entry in a "lead car/load car" procession also supported a finding that Lujan knew of the hidden marijuana.  See United States v. Mendoza, __ F.3d ___(5th Cir. Aug. 29, 2000, No. 99-50556), 2000 WL 1224728 at *1, and

citations therein.  Collectively, these circumstantial factors supported the jury's conclusion that Lujan knew that the marijuana was secreted in the Bronco.  See United States v. Jones, 185 F.3d 459, 464 (5th Cir. 1999), cert. denied, 2000 WL 798526 (U.S. Oct. 2, 2000) (No. 99-9910).

AFFIRMED.